FILED

**NOT FOR PUBLICATION**

JAN 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANDRA YOLINDA GUTIERREZ, | No. 08-73147 |
| Petitioner, | Agency No. A097-606-852 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010[**]

Before:    BEEZER, TROTT, and BYBEE, Circuit Judges.

Sandra Yolinda Gutierrez, a native and citizen of Honduras, petitions for

review of a Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

NED/Research

withholding of removal, and protection under the Convention Against Torture

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review de novo

questions of law, *Cerezo v. Mukasey,* 512 F.3d 1163, 1166 (9th Cir. 2008), except

to the extent that deference is owed to the BIA's determination of the governing

statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).

We review factual findings for substantial evidence.  *Zehatye v. Gonzales*, 453

F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for review.

Gutierrez failed to raise any substantive arguments in her opening brief with

respect to the BIA's dispositive determination that her asylum claim is time-barred.

*See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not

supported by argument are deemed waived).

We reject Gutierrez' claim that she is eligible for withholding of removal

based on membership in a particular social group or on account of her anti-gang

political opinion due to the problems she had with gang members in Tegucigalpa

and San Pedro Sula.  *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir.

2008) (rejecting social group claim based on opposition to gang violence); *Barrios

v. Holder,* 581 F.3d 849, 855-56 (9th Cir. 2009) (refusal to join a gang does not

amount to a political opinion).   In addition, substantial evidence supports the

agency's determination that the assault on Gutierrez as she left Honduras was not

on account of a protected ground. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) ("Random, isolated criminal acts . . . do not establish persecution").

Accordingly, because Gutierrez failed to demonstrate that she was persecuted or fears persecution on account of a protected ground, we deny the petition as to the withholding of removal claim. *See Barrios*, 581 F.3d at 856.

Substantial evidence supports the BIA's denial of CAT relief based on its finding that Gutierrez did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the Honduran government. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003) (acquiescence requires "both actual knowledge and willful blindness") (internal quotations omitted).

**PETITION FOR REVIEW DENIED.**